MARTINDALE *v.* KENDRICK.

Where the husband and wife, and their only child were drowned by the same casualty, and where the child, surviving its parents for a few minutes, inherited their estate ; held, under the Rev. Stat. recognizing the civil law as to degrees of kindred, that the maternal grand-father of the child would inherit the estate in preference to the paternal aunt.

*Appeal from Wapello District Court.*

*Opinion by* GREENE, J. This was an action of right commenced by appellant, against appellee.

We learn from the record, that John Carter, acquired title to the land in dispute, by purchase, and subsequently he, his wife, and only child were drowned. The mother survived the father, and the child survived the mother, but all were drowned by the same casualty. The child for a few minutes inherited the estate.

In the court below, the question arose whether Mary E. Martindale the sister of John Carter, and aunt of the deceased child, or William Kendrick the maternal grandfather, should become the heir of the child. The decision was in favor of the grand-father, and this is assigned as error.

The Rev. Stat. of 1843, was in force at the time, and so far as applicable, must govern this case.

Revised Statute, p. 722, § 1, provides that "if the intestate shall have no issue, and no father, mother, brother, or sister, his estate shall descend to his next of kin in equal degree," &c. § 5, provides, "that the degrees of kindred' shall be computed according to the rules of civil law."

The rule of "*paterna paternis, materna maternis,*" is interposed as an objection to the ruling below. It is true the property in this case was purchased by the father, so that the child inherited from the paternal stock, and in the absence of descending heirs, according to the rules of civil

Martindale *v.* Kendrick.

law, the property would ascend and revert to the stock from which it came, and hence, under this just and humane rule of the civil law, the paternal aunt should inherit the property instead of the maternal grand-father. But the sections of the statute referred to above, provide that in a case like the present, " the estate shall descend to his next of kin in equal degree," and that the degrees of [kindred, shall be computed according to the rules of civil law. If the claimants in this case were of kin in *equal degree*, the property under the rule "*paterna paternis*," would necessarily go to appellants.

But the next of kin, under our statute, must take the property, and the next of kin by the civil law is the maternal grand-father. The grand-son is in regard to the grand-father, in the second degree] in the direct line; while uncle, or aunt, and nephew, are only in the third degree of the collateral line.

By the civil Code, of La., Art. 910 ; " When the deceased has died without descendants leaving neither brother or sister, nor descendants from them, nor father or mother, nor *ascendants* in the paternal or maternal lines, his succession passes to his collateral relations." In this case the intestate had in its grand-father, an ascendant in the maternal line, and hence the property could not go to his aunt, a collateral relation.

Judgment affirmed.

*Smith, McKinlay* and *Poor*, and *A. Hall*, for appellants.

*Geo. G. Wright*, for appellee.